Hannah Shearer (CA Bar No. 292710)
Giffords Law Center to Prevent Gun Violence
268 Bush Street #555
San Francisco, CA 94104
hshearer@giffords.org
Phone: (415) 433-2062
Fax: (415) 433-3357

David Pucino (NY Bar No. 5487020)
(*pro hac vice* motion to be filed)
Giffords Law Center to Prevent Gun Violence
223 West 38th Street # 90
New York, NY 10018
dpucino@giffords.org
Phone: (917) 524-7816
Fax: (415) 433-3357

Nitin Shah (DC Bar No. 156035)
(*pro hac vice* motion to be filed)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
nshah@democracyforward.org
Phone: (202) 448-9090
Fax: (202) 701-1775

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

1

2   GIFFORDS LAW CENTER TO PREVENT
    GUN VIOLENCE,
3   268 Bush Street #555
    San Francisco, CA 94104,
4
                      *Plaintiff,*
5
                        vs.
6
7   U.S. DEPARTMENT OF JUSTICE
    950 Pennsylvania Avenue, NW
8   Washington, DC 20530,
9   BUREAU OF ALCOHOL, TOBACCO,
    FIREARMS AND EXPLOSIVES,
10  99 New York Avenue, NE
    Washington, DC 20226
11
12                   *Defendants.*
13

Case Number: _____

**COMPLAINT FOR INJUNCTIVE
RELIEF**

14        1.      Plaintiff Giffords Law Center to Prevent Gun Violence ("Giffords Law Center")

15  brings this action against Defendants, the U.S. Department of Justice ("DOJ") and the Bureau of

16
    Alcohol, Tobacco, Firearms and Explosives ("ATF"), to compel compliance with the Freedom of
17
    Information Act, 5 U.S.C. § 552 (the "FOIA").  Plaintiff has submitted requests under the FOIA
18
19  for records that would reveal the extent to which individuals affiliated with organizations

20  opposed to reforms that would curb gun violence (the "Gun Lobby") have advised or counseled

21  DOJ or ATF to pursue dangerous policies and to oppose common sense gun violence prevention

22  measures.  To date, Defendants have failed to respond to these requests.

23        2.      The records Plaintiff seeks are of significant public importance, and will shed

24
    light on the extent of the Gun Lobby's influence on the policies being formulated by DOJ and
25
26  ATF.  Moreover, the records concern a matter of public interest, as evidenced by the widespread

27

28

reporting and public interest regarding the relationship between the Administration and the Gun Lobby.[1]

3.     Despite the pressing need for these records, however, Defendants have failed to respond to the FOIA Requests in any way, much less produce responsive records as required by the FOIA.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

5.     Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff has its principal place of business in San Francisco, California, which is within the Northern District of California.

## PARTIES

6.     Plaintiff Giffords Law Center is a nonprofit unincorporated association operating under section 501(c)(3) of the Internal Revenue Code.  Based in San Francisco, California, Giffords Law Center also has staff members located in New York, New York, and Washington, D.C..  Plaintiff is one of the nation's leading legal and policy organizations dedicated to finding sensible solutions to prevent gun violence.

7.     Defendants are federal agencies within the meaning of FOIA, 5 U.S.C. § 552(f)(1).  Defendants have possession, custody, and control of records that Plaintiff seeks.

---

[1] *See, e.g.*, Jose Pagliery, *Exclusive: Gun Lobbyist Helped Write ATF Official's Proposal To Deregulate*, CNN, Feb. 14, 2018, https://www.cnn.com/2018/02/13/us/gun-industry-atf-deregulation-white-paper-brady-center-documents-invs/index.html; Ali Watkins, *How the N.R.A. Keeps Federal Gun Regulators in Check*, N.Y. Times, Feb. 22, 2018, https://www.nytimes.com/2018/02/22/us/politics/trump-atf-nra.html.

1

**FACTUAL ALLEGATIONS**

2    8.    Since taking office, the Trump Administration, through DOJ and ATF, has

3  adopted numerous positions favorable to the agenda of the Gun Lobby.  This has included

4  weakening or de-prioritizing rules aimed at keeping guns out of the hands of fugitives from

5  justice[2] and individuals with severe mental illnesses,[3] and pushing to arm public school

6  teachers.[4]  This tight alignment between the Administration and the Gun Lobby on policy

7  positions and talking points is well understood.  Less well understood, however, is the degree to

8  which the Administration actually *outsources* the development of policy and talking points to the

9  Gun Lobby.

10    9.    For example, on the day of President Trump's inauguration, Ronald Turk, then

11  the Associate Deputy Director of ATF, advocated for the relaxation of a number of gun

12  regulations in an industry-friendly "white paper" that was praised by the National Rifle

13  Association ("NRA"), a key organization in the Gun Lobby.[5]  It was later revealed—in

14  documents produced in response to a FOIA request—that large portions of the paper were

15  drafted by Mark Barnes, a longtime lawyer and lobbyist for the Gun Lobby, and incorporated

16

17

18

19

20

21

22  [2] Margaret Hartmann, *How Republicans Have Been Making Gun Laws Worse Under Trump*, N.Y. Mag., Feb. 15, 2018, http://nymag.com/daily/intelligencer/2018/02/every-attempt-to-change-gun-laws-under-trump.html.

23  [3] Z. Byron Wolf, *Trump's One Piece of Gun-Related Legislation Undid Restrictions Aimed At Mental Illness*, CNN, Feb. 15, 2018, https://www.cnn.com/2018/02/15/politics/trump-gun-legislation-mental-health/index.html.

24

25  [4] Aaron Rupar, *Watch Trump and the NRA CEO Use Same Talking Points Just Hours Apart*, Think Progress, Feb. 23, 2018, https://thinkprogress.org/watch-trump-parrot-nra-talking-points-d8ca6755e2ff/.

26

27  [5] NRA-ILA, *ATF Associate Deputy Director Pens "White Paper" On Reducing Needless Firearms Regulations*, Feb. 10, 2017, https://www.nraila.org/articles/20170210/atf-associate-deputy-director-pens-white-paper-on-reducing-needless-firearms-regulations.

28

into the final paper with minimal edits and without any disclosure of the fact of the Gun Lobby's involvement in the development of the policy paper.[6]

10.     The close alignment between the Gun Lobby and the Trump Administration raises substantial questions about the degree to which the Gun Lobby has exercised direct and substantial influence over the Administration, including over decisionmakers within DOJ and ATF.

11.     As set forth in greater detail below, in pursuit of answers to these questions, Plaintiff submitted two separate FOIA requests, one to each Defendant.  These requests sought records that would reveal the extent to which the Gun Lobby has influenced, advised, or counseled DOJ or ATF in pursuing dangerous policies.

12.     The records sought by Plaintiff are of great public importance.  Yet, as noted, Defendants have failed to even acknowledge receipt of Plaintiff's requests, let alone provide information on when they expect to begin producing responsive records.

<u>The DOJ FOIA Request</u>

13.     On July 25, 2018, Plaintiff submitted a FOIA request to DOJ seeking the following records:

1.     All records sent or received by an employee of DOJ to or from any individual affiliated with the National Rifle Association, the Right to Bear Arms, the Citizens Committee for the Right to Keep and Bear Arms, the National Shooting Sports Foundation, the law firm Mark Barnes & Associates, and FFL Guard, including but not limited to records sent to or received from any of the individuals listed on Appendix A.

2.     All calendars or calendar entries for Jefferson Sessions, Rod Rosenstein, Jesse Panuccio, Steven Engel, Stephen Boyd, Beth Williams, Sarah Isgur Flores, Chad Readler, or any political or SES appointees in OAG, DAG, AAG, OLA, OLC, OLP, OPA, or the Civil Division, which reflect meetings, whether in person or otherwise, with

---

[6] Pagliery, *supra* note 1.

Complaint for Injunctive Relief
Page: 5

any of the individuals listed on Appendix A.  Please include in this search any calendar entries maintained on behalf of these individuals (*e.g.*, by an administrative assistant).

3.   Any logs or other records tracking incoming and outgoing telephone calls made by Jefferson Sessions, Rod Rosenstein, Jesse Panuccio, Steven Engel, Stephen Boyd, Beth Williams, Sarah Isgur Flores, Chad Readler, or any political or SES appointees in OAG, DAG, AAG, OLA, OLC, OLP, OPA, or the Civil Division, which reflect calls with any of the individuals listed on Appendix A.  Please include in this search any calls placed or received on behalf of these individuals (*e.g.*, by an administrative assistant).

4.   Any visitor or security logs recording visits by any of the individuals listed on Appendix A to the Robert F. Kennedy Department of Justice Building, located at 950 Pennsylvania Avenue, NW, Washington DC 20530.

*See* Exhibit A (DOJ FOIA Request) at 6.

14.   The following list, which contains the names of forty-six (46) individuals affiliated in various ways with the Gun Lobby, was appended to the DOJ FOIA Request and incorporated into the individually numbered records requests by reference to "Appendix A":

- David Anderson
- Mark Barnes
- Peter (Pete) Brownell
- Maria Butina (aka Mariia Butina aka Marina Butina)
- Mitch Butler
- Diane Cihota
- David Clarke
- Charles J. Cooper
- Martin Delgado
- Richard (Dick) Deshaies
- Paul Erickson
- Michael Faucette
- Alan Gottlieb
- John Green
- Stephen P. Halbrook
- G. Stewart Hall
- Larry Keane
- David B. Kopel
- Don Kilmer
- Greg Lankler

Complaint for Injunctive Relief
Page: 6

- Wayne LaPierre
- Mathew Lapinski
- Dana Loesch
- John Lott
- Michael McSherry
- C.D. "Chuck" Michel
- Hunter Moorhead
- Walfred (Wally) Nelson
- Oliver North
- Erich Pratt
- Larry Pratt
- Robert (Bob) Pumpelly
- Patrick Rothwell
- John Scofield
- Shannon Shuman-Breton
- John M. Snyder
- Michael Sullivan
- Christopher Thomas
- Steve Tilton
- Alexander Torshin
- Caroline Watson
- Todd M. Weiss
- Lawrence (Larry) White
- Michael Williams
- Matt Wise
- James Zammillo

*See* Exhibit A, App. A at 1-2.

15.     Plaintiff requested that Defendant search for records held by the following DOJ offices: Office of the Attorney General, Office of the Deputy Attorney General, Office of Legal Policy, Office of Legal Counsel, Office of Legislative Affairs, and Office of Public Affairs.

16.     The time period for the DOJ FOIA Request was from January 20, 2017 to the date on which the request is processed.

17.     Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. §§ 552(a)(4)(A)(ii) and (iii), which provide that fees are waived if the requester is a "representative of the news media" and the records are not sought for commercial use, or if the disclosure is "in the public interest because it is likely to contribute significantly to public

Complaint for Injunctive Relief
Page: 7

understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

ATF FOIA Request

18.     Also on July 25, 2018, Plaintiff submitted a FOIA request to ATF seeking the following records:

>   1.   All records sent or received by an employee of ATF to or from any individual affiliated with the National Rifle Association, the Right to Bear Arms, the Citizens Committee for the Right to Keep and Bear Arms, the National Shooting Sports Foundation, the law firm Mark Barnes & Associates, and FFL Guard, including but not limited to records sent to or received from any of the individuals listed on Appendix A.
>
>   2.   All calendars or calendar entries for Thomas E. Brandon, Regina Lombardo, Ronald B. Turk, Marvin Richardson, Curtis Gilbert, or any political or SES appointees in the Office of the Director or Deputy Director, which reflect meetings, whether in person or otherwise, with any of the individuals listed on Appendix A.  Please include in this search any calendar entries maintained on behalf of these individuals (*e.g.*, by an administrative assistant).
>
>   3.   Any logs or other records tracking incoming and outgoing telephone calls made by Thomas E. Brandon, Regina Lombardo, Ronald B. Turk, Marvin Richardson, Curtis Gilbert, or any political or SES appointees in the Office of the Director or Deputy Director, which reflect calls with any of the individuals listed on Appendix A.  Please include in this search any calls placed or received on behalf of these individuals (*e.g.*, by an administrative assistant).
>
>   4.   Any visitor or security logs recording visits by any of the individuals listed on Appendix A to the ATF headquarters located at 99 New York Avenue, NE, Washington, DC 20226.

*See* Exhibit B (ATF FOIA Request) at 2.

19.     The following list, which contains the names of forty-six (46) individuals affiliated in various ways with the Gun Lobby, was appended to the ATF FOIA Request and incorporated into the individually numbered records requests by reference to "Appendix A":

-   David Anderson
-   Mark Barnes
-   Peter (Pete) Brownell
-   Maria Butina (aka Mariia Butina aka Marina Butina)

Complaint for Injunctive Relief
Page: 8

- Mitch Butler
- Diane Cihota
- David Clarke
- Charles J. Cooper
- Martin Delgado
- Richard (Dick) Deshaies
- Paul Erickson
- Michael Faucette
- Alan Gottlieb
- John Green
- Stephen P. Halbrook
- G. Stewart Hall
- Larry Keane
- David B. Kopel
- Don Kilmer
- Greg Lankler
- Wayne LaPierre
- Mathew Lapinski
- Dana Loesch
- John Lott
- Michael McSherry
- C.D. "Chuck" Michel
- Hunter Moorhead
- Walfred (Wally) Nelson
- Oliver North
- Erich Pratt
- Larry Pratt
- Robert (Bob) Pumpelly
- Patrick Rothwell
- John Scofield
- Shannon Shuman-Breton
- John M. Snyder
- Michael Sullivan
- Christopher Thomas
- Steve Tilton
- Alexander Torshin
- Caroline Watson
- Todd M. Weiss
- Lawrence (Larry) White
- Michael Williams
- Matt Wise
- James Zammillo

*See* Exhibit B, App. A at 1-2.

20.    Plaintiff requested that Defendant search for records held by the following ATF offices: Office of the Director, Office of the Chief of Staff, Office of the Deputy Director, and the Office of Public and Governmental Affairs.

21.    The time period for the ATF FOIA Request was from January 20, 2017 to the date on which the request is processed.

22.    Plaintiff sought a waiver of search and duplicating fees under 5 U.S.C. §§ 552(a)(4)(A)(ii) and (iii), which provide that fees are waived if the requester is a "representative of the news media" and the records are not sought for commercial use, or if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

*        *        *

23.    Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendants were required to inform Plaintiff, within twenty (20) business days of receiving the requests, of their determination as to whether they would comply with the requests. Accordingly, Defendants' determinations regarding Plaintiff's requests were due by August 22, 2018.

24.    To date, Defendants have not responded to the FOIA Requests in any way, much less with a determination of whether they intend to comply with the request within twenty (20) business days, as required.

25.    Defendants have not complied with their obligations under the FOIA. Specifically, neither agency has produced records to Plaintiff, or informed Plaintiff of the scope of records that it will produce or that it plans to withhold under any applicable FOIA exemptions.

**CLAIM FOR RELIEF**

26.     Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

27.     By failing to respond to Plaintiff's FOIA requests within the statutorily mandated time period, Defendants have violated their duties under 5 U.S.C. § 552, including, but not limited to, conducting a reasonable search for responsive records and releasing all non-exempt records.

WHEREFORE, Plaintiff prays that this Court:

1.     order Defendants to conduct a search for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably likely to lead to discovery of all responsive records;

2.     order Defendants to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;

3.     enjoin Defendants from continuing to withhold any and all non-exempt responsive records;

4.     order Defendants to grant Plaintiff's requests for a fee waiver;

5.     award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and

6.     grant any other relief this Court deems appropriate.

\

\

\

\

Complaint for Injunctive Relief
Page: 11

Dated: October 9, 2018

Respectfully submitted,

*/s/ Hannah Shearer*
Hannah Shearer (CA Bar No. 292710)
Giffords Law Center to Prevent Gun
Violence
268 Bush Street #555
San Francisco, CA 94104
hshearer@giffords.org
Phone: (415) 433-2062
Fax: (415) 433-3357

David Pucino (NY Bar No. 5487020)
(*pro hac vice* motion to be filed)
Giffords Law Center to Prevent Gun
Violence
223 West 38th Street # 90
New York, NY 10018
dpucino@giffords.org
Phone: (917) 680-3473
Fax: (415) 433-3357

Nitin Shah (D.C. Bar No. 156035)
(*pro hac vice* motion to be filed)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
nshah@democracyforward.org
Phone: (202) 448-9090
Fax: (202) 701-1775

*Counsel for Plaintiff*

EXHIBIT A



July 25, 2018

**VIA Electronic Delivery**

FOIA/PA Mail Referral Unit
U.S. Department of Justice
Room 115
LOC Building
Washington, D.C. 20530-0001
mrufoia.requests@usdoj.gov

**Re: Freedom of Information Act Records Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq*., and the U.S. Department of Justice ("DOJ") FOIA regulations beginning at 28 C.F.R. Part 16, Democracy Forward Foundation makes this request on behalf of Giffords Law Center to Prevent Gun Violence ("Giffords"), a non-profit policy organization dedicated to researching, writing, enacting, and defending laws and programs proven to reduce gun violence and save lives.  The organization was founded in 1993 after a gun massacre at a San Francisco law firm and was renamed Giffords Law Center in October 2017 after joining forces with the gun-safety organization founded by former Congresswoman Gabrielle Giffords.  Giffords Law Center researches policies and practices that affect gun violence and provides free assistance and expertise to lawmakers, advocates, legal professionals, law enforcement officials, and others who seek to make their communities safer from gun violence.

*Background*

The Washington gun lobby has been vocal in its support for President Trump and his Administration.  The National Rifle Association ("NRA") endorsed then-candidate Donald Trump in 2016 and spent $30.3 million to elect him, over $10 million more than it spent across all elections in the 2012 cycle.[1]  In turn, the Trump Administration has rewarded the gun lobby with decisions favorable to its agenda.  The Administration has weakened rules aimed at keeping guns out of the hands of individuals with severe mental illnesses[2] and fugitives from justice.[3]

---

[1] https://giffords.org/wp-content/uploads/2017/04/ARS-State-of-the-Gun-Lobby-2017-Report.pdf
[2] https://www.cnn.com/2018/02/15/politics/trump-gun-legislation-mental-health/index.html
[3] http://nymag.com/daily/intelligencer/2018/02/every-attempt-to-change-gun-laws-under-trump.html

And gun lobby groups have cheered on President Trump's appointments to key positions in the executive and judicial branches.[4]

There is good reason to believe that the gun lobby has had a direct and substantial influence on the Trump Administration's efforts to restrict or limit common-sense measures to prevent gun violence.  On the day of President Trump's inauguration, then-Associate Deputy Director Ronald Turk of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") advocated for the relaxation of a number of gun regulations in an industry-friendly "White Paper" that was praised by the NRA.[5]  It was later uncovered that large portions of the paper were drafted by Mark Barnes, a longtime lawyer and lobbyist for the gun industry, and were incorporated into the final draft with minimal edits and without any disclosure of the industry's input into the process.[6]  Similarly, after President Trump made several statements suggesting an openness to considering certain gun violence prevention measures, he sat down for a meeting with the NRA.  After the meeting, the White House quickly backed away from these statements.[7]

*Records Requested*

In an effort to understand and explain to the public the extent to which the gun lobby has advised or counseled the DOJ to pursue dangerous policies, Giffords requests that DOJ produce the following within twenty (20) business days:

1.  All records sent or received by an employee of DOJ to or from any individual affiliated with the National Rifle Association, the Right to Bear Arms, the Citizens Committee for the Right to Keep and Bear Arms, the National Shooting Sports Foundation, the law firm Mark Barnes & Associates, and FFL Guard, including but not limited to records sent to or received from any of the individuals listed on Appendix A.

2.  All calendars or calendar entries for Jefferson Sessions, Rod Rosenstein, Jesse Panuccio, Steven Engel, Stephen Boyd, Beth Williams, Sarah Isgur Flores, Chad Readler, or any political or SES appointees in OAG, DAG, AAG, OLA, OLC, OLP, OPA, or the Civil Division, which reflect meetings, whether in person or otherwise, with any of the individuals listed on Appendix A.  Please include in this search any calendar entries maintained on behalf of these individuals (*e.g.*, by an administrative assistant).

3.  Any logs or other records tracking incoming and outgoing telephone calls made by Jefferson Sessions, Rod Rosenstein, Jesse Panuccio, Steven Engel, Stephen Boyd, Beth Williams, Sarah Isgur Flores, Chad Readler, or any political or SES appointees in OAG, DAG, AAG, OLA, OLC, OLP, OPA, or the Civil Division, which reflect calls with any of the individuals listed on Appendix A.  Please include in this search any calls placed or received on behalf of these individuals (*e.g.*, by an administrative assistant).

---

[4] http://thehill.com/blogs/pundits-blog/the-administration/346114-with-mira-ricardel-place-its-time-to-complete-export; http://thehill.com/regulation/court-battles/323809-nra-makes-1m-ad-buy-to-tout-gorsuch-report.
[5] https://www.nraila.org/articles/20170210/atf-associate-deputy-director-pens-white-paper-on-reducing-needless-firearms-regulations
[6] https://www.cnn.com/2018/02/13/us/gun-industry-atf-deregulation-white-paper-brady-center-documents-invs/index.html
[7] https://abcnews.go.com/Politics/meeting-nra-president-trumps-views-guns-shift/story?id=53465497

4. Any visitor or security logs recording visits by any of the individuals listed on Appendix A to the Robert F. Kennedy Department of Justice Building, located at 950 Pennsylvania Avenue, NW, Washington DC 20530.

In completing this request, please search for records held within the following DOJ offices: Attorney General, Deputy Attorney General, Legal Policy, Legislative Affairs, Legal Counsel, and Public Affairs.

In completing this search, please search for records created between January 20, 2017 and the date on which the search is completed.

Please search for records regardless of format, including paper records, electronic records, audiotapes, videotapes, photographs, data, and graphical materials. This request includes, without limitation, all correspondence, letters, emails, text messages, calendar entries, facsimiles, telephone messages, voice mail messages, and transcripts, notes, minutes, or audio or video recordings of any meetings, telephone conversations, or discussions. In searching for responsive records, however, please exclude publicly available materials such as news clips that mention otherwise responsive search terms.

FOIA requires agencies to disclose information, with only limited exceptions for information that would harm an interest protected by a specific exemption or where disclosure is prohibited by law. 5 U.S.C. § 552(a)(8)(A). In the event that any of the requested documents cannot be disclosed in their entirety, we request that you release any material that can be reasonably segregated. *See* 5 U.S.C. § 552(b). Should any documents or portions of documents be withheld, we further request that you state with specificity the description of the document to be withheld and the legal and factual grounds for withholding any documents or portions thereof in an index, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). Should any document include both disclosable and non-disclosable material that cannot reasonably be segregated, we request that you describe what proportion of the information in a document is non-disclosable and how that information is dispersed throughout the document. *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

If requested records are located in, or originated in, another agency, department, office, installation or bureau, please refer this request or any relevant portion of this request to the appropriate entity.

To the extent that the records are readily reproducible in an electronic format, we would prefer to receive the records in that format. However, if certain records are not available in that format, we are willing to accept the best available copy of each such record.

Please respond to this request in writing within 20 working days as required under 5 U.S.C. § 552(a)(6)(A)(i). If all of the requested documents are not available within that time period, we request that you provide us with all requested documents or portions of documents that are available within that time period. If all relevant records are not produced within that time period, we are entitled to a waiver of fees for searching and duplicating records under 5 U.S.C. § 552(a)(4)(A)(viii)(I).

*Request for Fee Waiver*

Giffords requests a waiver of document search, review, and duplication fees because the disclosure of the requested records is in the public interest and because disclosure is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii).  Giffords also requests a waiver of search fees on the ground that it qualifies as a "representative of the news media" and the records are not sought for commercial use.  5 U.S.C. § 552(a)(4)(A)(ii)(II).

The disclosure of requested records is "likely to contribute significantly to public understanding of the operations or activities of the government" because, as discussed above, news accounts underscore the substantial public interest in the records sought through this request.  5 U.S.C. § 552(a)(4)(A)(iii).  Given the ongoing and widespread media attention, the records sought will contribute significantly to public understanding of an issue of profound public importance.  Moreover, Giffords is a nonprofit organization organized under Internal Revenue Code § 501(c)(3) and is dedicated to promoting policy engagement and civic education.  As a nonprofit organization, it does not have a commercial interest in the records.  The records obtained from this request will be made available to the public at no cost.

Giffords also requests a waiver of search fees because it is a "representative of the news media" and the records are not sought for commercial use.  5 U.S.C. § 552(a)(4)(A)(ii)(II).  Giffords meets the definition of "representative[s] of the news media" because it gathers information, exercises editorial discretion in selecting and organizing documents, and "distributes the resulting work to the public."  *Nat'l Sec. Archive v. U.S. Dep't of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989).  It is therefore a "representative of the news media" for the same reasons it is "primarily engaged in disseminating information."  5 U.S.C. §§ 552(a)(4)(A)(ii)(II), 552(a)(6)(E)(v)(II). [8]

If the request for a waiver is denied, we are willing to pay all reasonable fees incurred for searching and duplicating records in responding to this request, up to $100. If the costs of responding to this request should exceed that amount, please contact us before incurring costs exceeding that amount.

---

[8] Giffords routinely researches and publishes reports in support of commonsense solutions to the epidemic of gun violence in America.  These resources are maintained in Giffords's online resource library.  *See* http://lawcenter.giffords.org/resources/publications/.

*Conclusion*

If you need clarification as to the scope of the request, have any questions, or foresee any obstacles to releasing fully the requested records within the 20-day period, please contact Robin Thurston as soon as possible at foia@democracyforward.org or 202-448-9090.

We appreciate your assistance and look forward to your prompt response.

Sincerely,

Robin Thurston
*Counsel for Giffords Law Center to Prevent Gun Violence*

## Appendix A

Please conduct a search for responsive records using the below names in the manner described in the requests, including by searching for reasonable variations of the names listed below.

- David Anderson
- Mark Barnes
- Peter (Pete) Brownell
- Maria Butina (aka Mariia Butina aka Marina Butina)
- Mitch Butler
- Diane Cihota
- David Clarke
- Charles J. Cooper
- Martin Delgado
- Richard (Dick) Deshaies
- Paul Erickson
- Michael Faucette
- Alan Gottlieb
- John Green
- Stephen P. Halbrook
- G. Stewart Hall
- Larry Keane
- David B. Kopel
- Don Kilmer
- Greg Lankler
- Wayne LaPierre
- Mathew Lapinski
- Dana Loesch
- John Lott
- Michael McSherry
- C.D. "Chuck" Michel
- Hunter Moorhead
- Walfred (Wally) Nelson
- Oliver North
- Erich Pratt
- Larry Pratt
- Robert (Bob) Pumpelly
- Patrick Rothwell
- John Scofield
- Shannon Shuman-Breton
- John M. Snyder
- Michael Sullivan
- Christopher Thomas
- Steve Tilton

- Alexander Torshin
- Caroline Watson
- Todd M. Weiss
- Lawrence (Larry) White
- Michael Williams
- Matt Wise
- James Zammillo

EXHIBIT B



July 25, 2018

**VIA Electronic Delivery**

Bureau of Alcohol, Tobacco, Firearms and Explosives
ATTN: Disclosure Division, Room 4E.301
99 New York Avenue, NE
Washington, D.C. 20226
foiamail@atf.gov

**Re: Freedom of Information Act Records Request**

Dear FOIA Officer:

Pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq*., and the U.S. Department of Justice ("DOJ") FOIA regulations beginning at 28 C.F.R. Part 16, Democracy Forward Foundation makes this request on behalf of Giffords Law Center to Prevent Gun Violence ("Giffords"), a non-profit policy organization dedicated to researching, writing, enacting, and defending laws and programs proven to reduce gun violence and save lives. The organization was founded in 1993 after a gun massacre at a San Francisco law firm and was renamed Giffords Law Center in October 2017 after joining forces with the gun-safety organization founded by former Congresswoman Gabrielle Giffords.  Giffords Law Center researches policies and practices that affect gun violence and provides free assistance and expertise to lawmakers, advocates, legal professionals, law enforcement officials, and others who seek to make their communities safer from gun violence.

*Background*

The Washington gun lobby has been vocal in its support for President Trump and his Administration.  The National Rifle Association ("NRA") endorsed then-candidate Donald Trump in 2016 and spent $30.3 million to elect him, over $10 million more than it spent across all elections in the 2012 cycle.[1]  In turn, the Trump Administration has rewarded the gun lobby with decisions favorable to its agenda.  The Administration has weakened rules aimed at keeping guns out of the hands of individuals with severe mental illnesses[2] and fugitives from justice.[3]  And gun lobby groups have cheered on President Trump's appointments to key positions in the executive and judicial branches.[4]

---

[1] https://giffords.org/wp-content/uploads/2017/04/ARS-State-of-the-Gun-Lobby-2017-Report.pdf
[2] https://www.cnn.com/2018/02/15/politics/trump-gun-legislation-mental-health/index.html
[3] http://nymag.com/daily/intelligencer/2018/02/every-attempt-to-change-gun-laws-under-trump.html
[4] http://thehill.com/blogs/pundits-blog/the-administration/346114-with-mira-ricardel-place-its-time-to-complete-export; http://thehill.com/regulation/court-battles/323809-nra-makes-1m-ad-buy-to-tout-gorsuch-report.

There is good reason to believe that the gun lobby has had a direct and substantial influence on the Trump Administration's efforts to restrict or limit common-sense measures to prevent gun violence.  On the day of President Trump's inauguration, then-Associate Deputy Director Ronald Turk of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") advocated for the relaxation of a number of gun regulations in an industry-friendly "White Paper" that was praised by the NRA.[5]  It was later uncovered that large portions of the paper were drafted by Mark Barnes, a longtime lawyer and lobbyist for the gun industry, and were incorporated into the final draft with minimal edits and without any disclosure of the industry's input into the process.[6]  Similarly, after President Trump made several statements suggesting an openness to considering certain gun violence prevention measures, he sat down for a meeting with the NRA.  After the meeting, the White House quickly backed away from these statements.[7]

*Records Requested*

In an effort to understand and explain to the public the extent to which the gun lobby has advised or counseled the ATF to pursue dangerous policies, Giffords requests that ATF produce the following within twenty (20) business days:

1. All records sent or received by an employee of ATF to or from any individual affiliated with the National Rifle Association, the Right to Bear Arms, the Citizens Committee for the Right to Keep and Bear Arms, the National Shooting Sports Foundation, the law firm Mark Barnes & Associates, and FFL Guard, including but not limited to records sent to or received from any of the individuals listed on Appendix A.

2. All calendars or calendar entries for Thomas E. Brandon, Regina Lombardo, Ronald B. Turk, Marvin Richardson, Curtis Gilbert, or any political or SES appointees in the Office of the Director or Deputy Director, which reflect meetings, whether in person or otherwise, with any of the individuals listed on Appendix A.  Please include in this search any calendar entries maintained on behalf of these individuals (*e.g.*, by an administrative assistant).

3. Any logs or other records tracking incoming and outgoing telephone calls made by Thomas E. Brandon, Regina Lombardo, Ronald B. Turk, Marvin Richardson, Curtis Gilbert, or any political or SES appointees in the Office of the Director or Deputy Director, which reflect calls with any of the individuals listed on Appendix A.  Please include in this search any calls placed or received on behalf of these individuals (*e.g.*, by an administrative assistant).

4. Any visitor or security logs recording visits by any of the individuals listed on Appendix A to the ATF headquarters located at 99 New York Avenue, NE, Washington, DC 20226.

---

[5] https://www.nraila.org/articles/20170210/atf-associate-deputy-director-pens-white-paper-on-reducing-needless-firearms-regulations

[6] https://www.cnn.com/2018/02/13/us/gun-industry-atf-deregulation-white-paper-brady-center-documents-invs/index.html

[7] https://abcnews.go.com/Politics/meeting-nra-president-trumps-views-guns-shift/story?id=53465497

In completing this request, please search for records held within the following ATF offices: Office of the Director, Office of the Chief of Staff, Office of the Deputy Director, and the Office of Public and Governmental Affairs.

In completing this search, please search for records created between January 20, 2017 and the date on which the search is completed.

Please search for records regardless of format, including paper records, electronic records, audiotapes, videotapes, photographs, data, and graphical materials.  This request includes, without limitation, all correspondence, letters, emails, text messages, calendar entries, facsimiles, telephone messages, voice mail messages, and transcripts, notes, minutes, or audio or video recordings of any meetings, telephone conversations, or discussions.  In searching for responsive records, however, please exclude publicly available materials such as news clips that mention otherwise responsive search terms.

FOIA requires agencies to disclose information, with only limited exceptions for information that would harm an interest protected by a specific exemption or where disclosure is prohibited by law.  5 U.S.C. § 552(a)(8)(A).  In the event that any of the requested documents cannot be disclosed in their entirety, we request that you release any material that can be reasonably segregated.  *See* 5 U.S.C. § 552(b).  Should any documents or portions of documents be withheld, we further request that you state with specificity the description of the document to be withheld and the legal and factual grounds for withholding any documents or portions thereof in an index, as required by *Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973).  Should any document include both disclosable and non-disclosable material that cannot reasonably be segregated, we request that you describe what proportion of the information in a document is non-disclosable and how that information is dispersed throughout the document.  *Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 261 (D.C. Cir. 1977).

If requested records are located in, or originated in, another agency, department, office, installation or bureau, please refer this request or any relevant portion of this request to the appropriate entity.

To the extent that the records are readily reproducible in an electronic format, we would prefer to receive the records in that format.  However, if certain records are not available in that format, we are willing to accept the best available copy of each such record.

Please respond to this request in writing within 20 working days as required under 5 U.S.C. § 552(a)(6)(A)(i).  If all of the requested documents are not available within that time period, we request that you provide us with all requested documents or portions of documents that are available within that time period. If all relevant records are not produced within that time period, we are entitled to a waiver of fees for searching and duplicating records under 5 U.S.C. § 552(a)(4)(A)(viii)(I).

*Request for Fee Waiver*

Giffords requests a waiver of document search, review, and duplication fees because the disclosure of the requested records is in the public interest and because disclosure is "likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii).  Giffords also requests a waiver of search fees on the ground that it qualifies as a "representative of the news media" and the records are not sought for commercial use.  5 U.S.C. § 552(a)(4)(A)(ii)(II).

The disclosure of requested records is "likely to contribute significantly to public understanding of the operations or activities of the government" because, as discussed above, news accounts underscore the substantial public interest in the records sought through this request.  5 U.S.C. § 552(a)(4)(A)(iii).  Given the ongoing and widespread media attention, the records sought will contribute significantly to public understanding of an issue of profound public importance.  Moreover, Giffords is a nonprofit organization organized under Internal Revenue Code § 501(c)(3) and is dedicated to promoting policy engagement and civic education.  As a nonprofit organization, it does not have a commercial interest in the records.  The records obtained from this request will be made available to the public at no cost.

Giffords also requests a waiver of search fees because it is a "representative of the news media" and the records are not sought for commercial use.  5 U.S.C. § 552(a)(4)(A)(ii)(II).  Giffords meets the definition of "representative[s] of the news media" because it gathers information, exercises editorial discretion in selecting and organizing documents, and "distributes the resulting work to the public."  *Nat'l Sec. Archive v. U.S. Dep't of Defense*, 880 F.2d 1381, 1387 (D.C. Cir. 1989).  It is therefore a "representative of the news media" for the same reasons it is "primarily engaged in disseminating information."  5 U.S.C. §§ 552(a)(4)(A)(ii)(II), 552(a)(6)(E)(v)(II). [8]

If the request for a waiver is denied, we are willing to pay all reasonable fees incurred for searching and duplicating records in responding to this request, up to $100. If the costs of responding to this request should exceed that amount, please contact us before incurring costs exceeding that amount.

---

[8] Giffords routinely researches and publishes reports in support of commonsense solutions to the epidemic of gun violence in America.  These resources are maintained in Giffords's online resource library.  *See* http://lawcenter.giffords.org/resources/publications/.

*Conclusion*

If you need clarification as to the scope of the request, have any questions, or foresee any obstacles to releasing fully the requested records within the 20-day period, please contact Robin Thurston as soon as possible at foia@democracyforward.org or 202-448-9090.

We appreciate your assistance and look forward to your prompt response.

Sincerely,
Robin Thurston
*Counsel for Giffords Law Center to Prevent Gun Violence*

## Appendix A

Please conduct a search for responsive records using the below names in the manner described in the requests, including by searching for reasonable variations of the names listed below.

- David Anderson
- Mark Barnes
- Peter (Pete) Brownell
- Maria Butina (aka Mariia Butina aka Marina Butina)
- Mitch Butler
- Diane Cihota
- David Clarke
- Charles J. Cooper
- Martin Delgado
- Richard (Dick) Deshaies
- Paul Erickson
- Michael Faucette
- Alan Gottlieb
- John Green
- Stephen P. Halbrook
- G. Stewart Hall
- Larry Keane
- David B. Kopel
- Don Kilmer
- Greg Lankler
- Wayne LaPierre
- Mathew Lapinski
- Dana Loesch
- John Lott
- Michael McSherry
- C.D. "Chuck" Michel
- Hunter Moorhead
- Walfred (Wally) Nelson
- Oliver North
- Erich Pratt
- Larry Pratt
- Robert (Bob) Pumpelly
- Patrick Rothwell
- John Scofield
- Shannon Shuman-Breton
- John M. Snyder
- Michael Sullivan
- Christopher Thomas
- Steve Tilton

- Alexander Torshin
- Caroline Watson
- Todd M. Weiss
- Lawrence (Larry) White
- Michael Williams
- Matt Wise
- James Zammillo