DAVID L. ANDERSON (CABN 149604)
United States Attorney
SARA WINSLOW (DCBN 457643)
Chief, Civil Division
JEVECHIUS D. BERNARDONI (CABN 281892)
Assistant United States Attorney
    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7164
    Facsimile: (415) 436-7234
    jevechius.bernardoni@usdoj.gov

Attorneys for Federal Defendants

HANNAH SHEARER (CABN 292710)
    Giffords Law Center to Prevent Gun Violence
    268 Bush Street #555
    San Francisco, CA 94104
    hshearer@giffords.org
    Phone: (415) 433-2062
    Fax: (415) 4333-3357

BENJAMIN SEEL**
NITIN SHAH**
    Democracy Forward Foundation
    1333 H Street NW, Ste. 1100
    Washington, DC 20005
    bseel@democracyforward.org
    nshah@democracyforward.org
    Phone: (202) 448-9090
    Fax: (202) 701-1775
    ** admitted *pro hac vice*

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE,<br><br>    Plaintiff,<br><br>  v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,<br><br>    Defendants. | CASE NO. 18-cv-06171 DMR<br><br>**JOINT STATUS REPORT** |

Plaintiff, Giffords Law Center to Prevent Gun Violence, and defendants, United States Department of Justice ("DOJ") and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") (collectively "defendants"), jointly submit this Joint Status Report pursuant to the Court's July 31, 2019 Minute Order (ECF No. 37).

1. Facts

Plaintiff has sued defendants for alleged violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.  Plaintiff alleges that on July 25, 2018, plaintiff submitted two FOIA requests, one to ATF and another to DOJ.  Both requests sought records from January 20, 2017 until the date the requests are processed, concerning communications between agency officials and 46 individuals, listed on Appendix A to the requests.  Additional details regarding the scope of the FOIA requests are included in the parties' July 24, 2019 Joint Case Management Statement (ECF No. 35).

Plaintiff's FOIA request to DOJ sought records from multiple offices within DOJ.  Two of those offices, DOJ Civil Division and DOJ Office of Legal Counsel (OLC), have completed their responses.  DOJ Civil Division sent plaintiff a final response stating that it did not locate any responsive records around November 28, 2018.  On May 8, 2019, OLC sent plaintiff a final response, which included a production of 25 pages.  DOJ Office of Information Policy (OIP) is responsible for processing FOIA requests for the remaining DOJ offices from which records have been requested:  the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG, referenced in plaintiff's FOIA request as AAG), Legal Policy (OLP), Legislative Affairs (OLA), and Public Affairs (PAO).  At the initial case management conference on April 17, 2019, the parties reported that they had reached an agreement regarding narrowing of plaintiff's FOIA request as it relates to those offices over which DOJ-OIP has responsibility.  Pursuant to that agreement, DOJ-OIP confined its electronic search to an agreed upon list of custodians and agreed to complete its electronic search within 4.5 months of April 17, 2019.  DOJ-OIP completed its electronic search on September 3, 2019.

At the initial case management conference, defendant reported that ATF had conducted searches for records responsive to plaintiff's request.  At that time, ATF was in the process of reviewing records returned from those searches and anticipated completing its release of documents in two productions, on May 10, 2019 and on June 10, 2019.  Plaintiff received a release of 123 pages on May 10, 2019.  On

June 18, 2019, defendant informed plaintiff that due to issues ATF was experiencing with the program it uses to process records for release, the anticipated June 10, 2019 was delayed.  In the parties' June 26, 2019 Joint Status Report, defendant reported that ATF was working directly with the software provider and hoped to resolve the issues so that it could complete processing of records and release documents by July 10, 2019.  ATF was unable to resolve its software issues and release documents by that date.  ATF has now completed its response, including by producing an additional approximately 1,600 pages.

2. Production of DOJ Documents

DOJ-OIP's electronic search returned approximately 9,200 documents and 34,000 items ("documents" include individual emails, computer files, and calendar entries, while "items" additionally include attachments to emails), although it has not yet completed its review of the potentially responsive material.

The parties agree on the following release schedule for DOJ-OIP:

- November 8, 2019:  DOJ-OIP will make an interim response

- December 6, 2019, DOJ-OIP will make another interim response (DOJ-OIP will endeavor to process as many as possible of the remaining potentially responsive records by December 6, 2019)

- January 17, 2020:  If DOJ-OIP cannot finish the response by December 6, 2019, it will make one final response on January 17, 2020

3. *Vaughn* Indices

At this stage of the litigation, DOJ-OIP has not yet released documents, and plaintiff has not had an opportunity to review defendants' released records and analyze the claimed exemptions and redactions.  As such, the parties are not currently in a position to determine whether *Vaughn* indices are necessary in this case and/or if the parties can agree to the preparation of narrowly tailored *Vaughn* indices, focused on certain claimed exemptions/records.  Accordingly, the parties agree that setting concrete deadlines for production of *Vaughn* indices is premature at this point.

The parties submit that DOJ-OIP should be allowed to complete its response, plaintiff should be provided time to review the released records, and the parties should then be given an opportunity to meet and confer regarding (1) the need for and/or the scope of *Vaughn* indices in this case and (2) the timing of the production of any *Vaughn* indices needed in this case.  If the parties are unable to reach a

mutually agreeable compromise at the end of the process described above, they can file an administrative motion requesting a status conference.

Although the parties agree that *Vaughn* indices are not necessary at this stage of the litigation, defendants have agreed to produce draft search summaries to allow plaintiff to analyze the adequacy of defendants' searches. Specifically, defendants will produce draft search summaries as follows:

- October 31, 2019: ATF will produce its draft search summary
- December 6, 2019: DOJ-OLC will produce its draft search summary
- January 31, 2020: DOJ-OIP will produce its draft search summary (or on December 20, 2019, if DOJ-OIP's final response is provided on December 6, 2019)

Pursuant to the Court's July 31, 2019 Minute Order, ECF No. 37, the parties will submit a Updated Joint Case Management Conference Statement by November 27, 2019.

DATED: September 13, 2019

Respectfully submitted,
DAVID L. ANDERSON
United States Attorney

*/s/ Jevechius D. Bernardoni*
JEVECHIUS D. BERNARDONI*
Assistant United States Attorney
Attorneys for Federal Defendants

DATED: September 13, 2019

Democracy Forward Foundation

*/s/ Benjamin Seel*

BENJAMIN SEEL
NITIN SHAH
**admitted *pro hac vice*

Giffords Law Center to Prevent Gun Violence
HANNAH SHEARER

Attorneys for Plaintiff

* In compliance with Civil Local Rule 5-1(i), the filer of this document attests that all signatories listed have concurred in the filing of this document.