1  DAVID L. ANDERSON (CABN 149604)
   United States Attorney
2  SARA WINSLOW (DCBN 457643)
   Chief, Civil Division
3  JEVECHIUS D. BERNARDONI (CABN 281892)
   Assistant United States Attorney
4       450 Golden Gate Avenue, Box 36055
        San Francisco, California 94102-3495
5       Telephone:  (415) 436-7164
        Facsimile:  (415) 436-7234
6       jevechius.bernardoni@usdoj.gov

7  Attorneys for Federal Defendants

8  HANNAH SHEARER (CABN 292710)
        Giffords Law Center to Prevent Gun Violence
9       268 Bush Street #555
        San Francisco, CA 94104
10      hshearer@giffords.org
        Phone: (415) 433-2062
11      Fax: (415) 4333-3357

12 BENJAMIN SEEL**
   NITIN SHAH**
13      Democracy Forward Foundation
        1333 H Street NW, Ste. 1100
14      Washington, DC 20005
        bseel@democracyforward.org
15      nshah@democracyforward.org
        Phone: (202) 448-9090
16      Fax: (202) 701-1775
        ** admitted *pro hac vice*

17 Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF JUSTICE and BUREAU OF ALCOHOL, TOBACCO, FIREARMS, AND EXPLOSIVES,<br><br>    Defendants. | CASE NO. 18-cv-06171 DMR<br><br>**UPDATED JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND STIPULATION AND [PROPOSED] ORDER RESETTING CASE MANAGEMENT CONFERENCE AND RELATED DEADLINES** |

1    Plaintiff, Giffords Law Center to Prevent Gun Violence, and defendants, United States Department of Justice ("DOJ") and the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") (collectively "defendants"), jointly submit this Updated Joint Case Management Conference Statement pursuant to the Court's February 13, 2020 Order (ECF No. 44).

Plaintiff has sued defendants for alleged violation of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Plaintiff alleges that on July 25, 2018, plaintiff submitted two FOIA requests, one to ATF and another to DOJ. Both requests sought records from January 20, 2017 until the date the requests are processed, concerning communications between agency officials and 46 individuals, listed on Appendix A to the requests. Additional details regarding the scope of the FOIA requests are included in the parties' July 24, 2019 Joint Case Management Statement (ECF No. 35).

Plaintiff's FOIA request to DOJ sought records from multiple offices within DOJ. All of those offices have now completed their responses. DOJ Civil Division sent plaintiff a final response stating that it did not locate any responsive records around November 28, 2018. On May 8, 2019, DOJ's Office of Legal Counsel (OLC) sent plaintiff a final response, which included a production of 25 pages. DOJ's Office of Information Policy (DOJ-OIP) is responsible for processing FOIA requests for the remaining DOJ offices from which records have been requested: the Offices of the Attorney General (OAG), Deputy Attorney General (ODAG), Associate Attorney General (OASG, referenced in plaintiff's FOIA request as AAG), Legal Policy (OLP), Legislative Affairs (OLA), and Public Affairs (PAO). At the initial case management conference on April 17, 2019, the parties reported that they had reached an agreement regarding narrowing of plaintiff's FOIA request as it relates to those offices over which DOJ-OIP has responsibility. Pursuant to that agreement, DOJ-OIP confined its electronic search to an agreed-upon list of custodians. DOJ-OIP issued three responses to plaintiff: one on November 8, 2019, one on December 6, 2019, and its final response on January 17, 2020, which collectively included production of 143 pages.

At the initial case management conference, defendant reported that ATF had conducted searches for records responsive to plaintiff's request. At that time, ATF was in the process of reviewing records returned from those searches and anticipated completing its release of documents in two productions, on May 10, 2019 and on June 10, 2019. Plaintiff received a release of 123 pages on May 10, 2019. ATF has now completed its response, including by producing an additional approximately 1,600 pages.

As reported in the September 13, 2019 Joint Status Report, November 25, 2019 Updated CMC Statement, and February 12, 2020 Updated CMC Statement, the parties were not in a position to determine whether *Vaughn* indices are necessary in this case and/or if the parties can agree to the preparation of narrowly tailored *Vaughn* indices, focused on certain claimed exemptions/records.  ECF Nos. 39, 41, and 43.  Instead, the parties agreed that DOJ-OIP should be allowed to complete its response, plaintiff should be provided time to review the released records, and the parties should then be given an opportunity to meet and confer regarding (1) the need for and/or the scope of *Vaughn* indices in this case and (2) the timing of the production of any *Vaughn* indices needed in this case.  *Id.*

Although the parties agreed at that time that *Vaughn* indices are not necessary at this stage of the litigation, defendants agreed to produce draft search summaries to allow plaintiff to analyze the adequacy of defendants' searches.  *Id.*  Specifically, defendants agreed to produce draft search summaries as follows:

- October 31, 2019:  ATF will produce its draft search summary
- December 6, 2019:  DOJ-OLC will produce its draft search summary
- January 31, 2020:  DOJ-OIP will produce its draft search summary (or on December 20, 2019, if DOJ-OIP's final response is provided on December 6, 2019)

*Id.*  ATF requested, and plaintiff granted, a one-day extension on the deadline to produce its draft search summary, and ATF produced its draft search summary to plaintiff on November 1, 2019.  OLC and OIP produced their draft search summaries as scheduled on December 6, 2019 and January 31, 2020, respectively.

The parties are currently meeting and conferring productively regarding any remaining disputes with the defendants' final FOIA responses.  Because the parties continue to make progress cooperatively, the parties HEREBY STIPULATE AND REQUEST that the April 1, 2020 case management conference be continued to July 1, 2020 at 1:30 p.m., which will allow the parties to continue their meet and confer negotiations.

DATED:  March 25, 2020

                                                Respectfully submitted,
                                                DAVID L. ANDERSON
                                                United States Attorney

                                                */s/ Jevechius D. Bernardoni*
                                                JEVECHIUS D. BERNARDONI*
                                                Assistant United States Attorney
                                                Attorneys for Federal Defendants

DATED: March 25, 2020                         Democracy Forward Foundation

                                              */s/ Benjamin Seel*

                                              BENJAMIN SEEL
                                              NITIN SHAH
                                              **admitted *pro hac vice*

                                              Giffords Law Center to Prevent Gun Violence
                                              HANNAH SHEARER

                                              Attorneys for Plaintiff

* In compliance with Civil Local Rule 5-1(i), the filer of this document attests that all signatories listed have concurred in the filing of this document.

## [PROPOSED] ORDER

Pursuant to the stipulation of the parties and good cause appearing, IT IS HEREBY ORDERED that the further case management conference for this case is reset to July 1, 2020 at 1:30 p.m., with a further case management statement due by June 24, 2020.

DATED:  March 26, 2020                        _____
                                              THE HONORABLE DONNA M. RYU
                                              UNITED STATES MAGISTRATE JUDGE

IT IS SO ORDERED